JONES DAY
Liat L. Yamini, Bar No. 251238
lyamini@jonesday.com
555 South Flower Street, Fiftieth Floor
Los Angeles, California  90071.2452
Telephone:  +1.213.489.3939
Facsimile:    +1.213.243.2539

Lauren E. Dutkiewicz, Bar No. 329017
ldutkiewicz@jonesday.com
3161 Michelson Drive, Suite 800
Irvine, California  92612.4408
Telephone:  +1.949.851.3939
Facsimile:    +1.949.553.7539
Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA KEENEY, an individual,<br><br>                Plaintiff,<br><br>        v.<br><br>UNITED PARCEL SERVICE, INC., an Ohio corporation; and DOES 1 through 50, inclusive,<br><br>                Defendants | Case No. 2:23-cv-02036<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** |

PLEASE TAKE NOTICE THAT Defendant United Parcel Service, Inc. ("Defendant") removes this matter from the Los Angeles County Superior Court to the United States District Court for the Central District of California under 28 U.S.C. §§ 1331, 1332, 1441, and 1446.  The grounds for removal are set forth below.

## I.   CLAIMS ASSERTED IN THE COMPLAINT

1. On February 17, 2023, Plaintiff Debra Keeney ("Plaintiff"), filed a civil lawsuit ("Complaint") against Defendant in Los Angeles County Superior Court, Case No. 23STCV03505, *Debra Keeney v. United Parcel Service, Inc., et al.*

2. In the Complaint, Plaintiff asserts claims for: (1) wrongful termination in violation of public policy; (2) disability discrimination; (3) failure to accommodate; (4) failure to engage in the interactive process; (5) violation of California Family Rights Act ("CFRA"); (6) age discrimination; (7) retaliation; (8) failure to prevent discrimination and retaliation; and (9) intentional infliction of emotional distress.

3. Plaintiff seeks at least $50,000 in emotional distress damages and at least $50,000 in lost earnings, in addition to punitive damages, medical and related expenses, attorneys' fees and costs, and interest.  *See* Compl. at Prayer for Relief.

## II.   COMPLIANCE WITH STATUTORY REQUIREMENTS

4. On February 17, 2023, Plaintiff served Defendant with the Summons, Complaint, Civil Case Cover Sheet, and Notice of Case Assignment.  Defendant's removal of this action is therefore timely because Defendant is removing this matter within 30 days of completion of service of the Complaint.  *See* 28 U.S.C. § 1446(b); Cal. Code Civ. P. §§ 415.10, 415.30.

5. In accordance with 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** are true and correct copies of all process, pleadings, and orders available in this action to Defendant, which includes copies of Plaintiff's Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, ADR Packet, and General

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

Order Regarding Use of Voluntary Efficient Litigation Stipulations. Attached as **Exhibit B** is a true and correct copy of the state court Register of Actions, showing all filings and activity to date.

6. Defendant filed its Answer to Plaintiff's Complaint in state court on March 15, 2023. A copy of Defendant's Answer is attached to this Notice of Removal as **Exhibit C**. Exhibits A, B, and C constitute all pleadings, process, and orders served on Defendant and Plaintiff within the state court action.

7. Pursuant to 28 U.S.C. § 1446(d), Defendant will provide written notice of removal of the Action to Plaintiff, and promptly will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Los Angeles. A copy of Defendant's Notice to State Court and Adverse Party of Removal of Action from State Court to the United States District Court for the Central District of California (without exhibits) is attached to this Notice of Removal as **Exhibit D**.

8. By filing this Notice of Removal, Defendant expressly reserves, and does not waive, any and all defenses that may be available to it, including those related to personal jurisdiction and service of process. If any question arises as to the propriety of removal to this Court, Defendant requests the opportunity to submit a brief in support of its position that this case has been properly removed and to present oral argument.

III. **VENUE AND INTRADISTRICT ASSIGNMENT**

9. Venue lies in the United States District Court of the Central District of California under 28 U.S.C. § 1391(a) and 1441(a), because the Complaint was filed in this District in the Los Angeles County Superior Court. Pursuant to 28 U.S.C. § 1441(a), this case may properly be removed to the Central District of California, Western Division, because Plaintiff filed this case in the Superior Court of California, County of Los Angeles.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

## IV.   BASIS OF REMOVAL – DIVERSITY JURISDICTION

10.   This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because this is an action between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

Complete Diversity Exists

11.   Plaintiff is a resident of Lakewood, California.  Compl. ¶ 21.  Plaintiff is, and at all times since commencement of this action has been, a citizen and resident of the State of California within the meaning of 28 U.S.C. § 1332(a).

12.   A "corporation shall be deemed to be a citizen of any State in which it has been incorporated, and of the State where it has its principal place of business." *See* 28 U.S.C. § 1332(c).

13.   Defendant is incorporated in Ohio with its principal place of business in Georgia.  Compl. ¶ 17; Declaration of Ryan Swift ("Swift Decl.") ¶¶ 3–4. Accordingly, Defendant is a citizen of the states of Ohio and Georgia, and complete diversity exists among the parties.

14.   Pursuant to 28 U.S.C. § 1441(a), the residence of fictious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of Doe defendants 1 through 50 does not defeat complete diversity.

The Amount in Controversy Exceeds $75,000

15.   Although Defendant does not concede liability in any way, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000 as required by 28 U.S.C. § 1332(a).  *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018).  Plaintiff seeks to recover emotional distress damages, punitive damages, medical and related expenses, lost wages, attorneys' fees and costs, and interest.  Compl. at Prayer for Relief.

16.    "[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. § 1446(c)(2).  Indeed, "a sufficient amount in controversy is presumed if it is shown on the face of the complaint."  *Parker v. Right Thing*, No. SA CV 09-1025-DOC-MLG, 2009 WL 10698213, at *1 (C.D. Cal. Nov. 24, 2009) citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007).

17.    Here, the face of Plaintiff's Complaint states that the amount in controversy is *at least* $100,000.  *See* Compl. at Prayer for Relief ¶¶ 1, 4.  Specifically, Plaintiff seeks "an amount in excess of $50,000" for mental and emotional distress and "an amount in excess of $50,000" for lost wages.  *Id.*

18.    Because the Prayer for Relief seeks over $75,000 in damages, the amount in controversy is satisfied for removal purposes, and this action must be removed.  *Litinetsky v. Caliber Home Loans, Inc.*, No. CV 18-1586-GW(EX), 2018 WL 6163132, at *2–*3 (C.D. Cal. Apr. 23, 2018) (amount in controversy satisfied where the complaint's prayer sought "damages in excess of $2,000,000"); *Hensley v. Lazer Spot, Inc.*, No. 2:20-CV-00062-JAM-CKD, 2020 WL 1922167 (E.D. Cal. Apr. 21, 2020) (denying motion to remand because the $4,999,999.99 prayer for relief in the operative complaint satisfied the amount-in-controversy requirement); *Hoffman v. OCWEN*, No. SA CV 1401378-CJC-RZX, 2014 WL 12603071, at *2 (C.D. Cal. Sept. 22, 2014) (amount in controversy satisfied based on the allegations of the complaint where plaintiff separately alleged general damages in excess of $25,000 and actual damages of $50,000).

## V.    JURISDICTION: FEDERAL QUESTION

19.    Alternatively, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441(a) because the Complaint is founded upon claims "arising under the laws of the United States."  At all relevant times, Defendant has been and is now a corporation engaging in commerce in an industry affecting commerce within the meaning of

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

section 301(a) of the Labor Relations Management Act ("LMRA").

20. Removal jurisdiction exists where, although only state law claims are pleaded, those claims are completely preempted by federal law. *See Bryan v. BellSouth Commc'ns, Inc.*, 377 F.3d 424, 428–29 (4th Cir. 2004). "To remove a state law claim to federal court under the complete preemption doctrine, federal law must both completely preempt the state law claim, and supplant it with a federal claim." *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997–98 (9th Cir. 1987). To be clear, where a state law claim is completely preempted and supplanted by federal law, preemption is not "merely asserted as a defense" but rather is sufficient to create removal jurisdiction. *Id.*

21. State law claims raised by employees that are inextricably intertwined with the terms of a collective bargaining agreement ("CBA") must be brought under Labor Management Relations Act, 1947, § 301, 29 U.S.C. § 185 ("Section 301"). *Allis Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). "Although normally federal preemption is a defense that does not authorize removal to federal court, § 301 has such extraordinary preemptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. In other words, a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to federal court." *Curtis et al. v. Irwin Industries, Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) (citations omitted). The Supreme Court explained the reasoning behind this rule: "[I]f the resolution of a state-law claim depends upon the meaning of a collective bargaining agreement, the application of state law . . . is preempted and federal labor principles—necessarily uniform through the nation—must be employed to resolve the dispute." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405–06 (1988).

22. Plaintiff was, at all relevant times during her employment, an employee of Defendant and represented by the International Brotherhood of

Teamsters Union Local 396 (the "Union"). Declaration of Alfred Sandoval ("Sandoval Decl."), ¶ 3. At relevant times during Plaintiff's employment with Defendant, the Union and Defendant were parties to a written CBA, the National Master United Parcel Service Agreement (the "NMA"), which sets forth the terms and conditions governing the employment of Plaintiff and other individuals in an appropriate bargaining unit. Sandoval Decl, ¶ 4, Ex. 1. The current agreement, which includes the Union's Southwestern Package Rider ("Package Rider"), Southwestern Sort Rider ("Sort Rider") and Defendant's Western Region Supplement ("WRS"), contains provisions regarding alternative work assignments as a result of on-the-job injuries, disability and leave compensation, and require a procedure for employee grievances. Sandoval Decl., ¶¶ 3–5, Exs. 1–3).

- Article 14 of the NMA governs compensation claims for employees injured on the job (NMA at 35);
- Article 14, Subsection 2 governs temporary alternate work assignments, including requirements for offering "temporary work opportunity to those employees who are unable to perform their normal work assignment due to an on-the-job injury" (NMA at 36–37);
- Article 14, Subsection 3 of the NMA governs the process for providing reasonable accommodations to a bargaining unit employee, including the possibility of a part-time job as an accommodation (NMA at 38–29);
- Section 20 of the Package Rider addresses disability and sick leave, including procedures for giving employees different employment classifications when declared permanently medically incapacitated (Package Rider at 266–268);
- Section 15 of the Sort Rider addresses earned sick pay when an employee is receiving worker's compensation or unemployment compensation disability benefits (Sort Rider at 343); and
- Addendum No. 2 to the Sort Rider governs the grievance procedure for any complaints asserted by employees represented by Local 396. (Sort Rider at

375–376).

23.    Although Plaintiff does not allege that she is a union member and that she is governed by a CBA, the lack of such allegations does not affect Section 301 preemption because resolution of Plaintiff's claims turns on interpretation of provisions in the CBA. *See Young*, 830 F.2d at 997 ("The district court . . . properly looked beyond the face of the complaint to determine whether the contract claim was in fact a section 301 claim for breach of a collective bargaining agreement 'artfully pleaded' to avoid federal jurisdiction.").

24.    Because the resolution of the Complaint depends upon the interpretation of a written CBA and the CBA here provides a detailed procedure for alternative work assignments, it is necessarily preempted by Section 301. *See Lueck*, 471 U.S. at 220–21; *see also Ruiz v. Sysco Corp.*, No. 09-CV-1824-H MDD, 2011 WL 3300098, at *8 (S.D. Cal. July 29, 2011). As noted above, the claims alleged in the Complaint cannot be decided without interpreting the terms of the CBA, riders, and supplement. Here, Plaintiff's accommodation request, resulting from her alleged on-the-job injury, is dependent on the relevant provisions in the CBA, and thus, this Court has original jurisdiction over Plaintiff's claims for disability discrimination, failure to accommodate, and failure to engage in interactive process.

25.    Accordingly, the determination of Defendant's alleged liability in this Action will necessarily require an interpretation of the terms and provisions in the CBA documents. Thus, Plaintiff's Complaint falls within the preemptive scope of Section 301, which provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees… may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regarding to the citizenship of the parties." 29 U.S.C. § 185.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

## VI.   SUPPLEMENTAL JURISDICTION

26.   Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's remaining state law causes of action, most of which are predicated on and related to Plaintiff's claims for discrimination, failure to accommodate, and failure to engage in the interactive process.  Plaintiff's remaining state law causes of action arise from the same series of events so as to form part of the same case or controversy under Article III of the United States Constitution.  *See Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 8 n.3 (2003) ("[A] state claim can . . . be removed through the use of the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provided that another claim in the complaint is removable."); *see also Hernandez v. Pac. Mar. Ass'n*, 379 Fed. App'x 668, 671 (9th Cir. 2010) ("Because the plaintiff's state law claims . . . [were] preempted by [§] 301 of the LMRA, the district court had federal question jurisdiction over at least some of the plaintiff's claims [and s]ubject matter jurisdiction over the balance of the claims in the amended complaint was proper under 28 U.S.C. § 1367(a).").  As such, supplemental jurisdiction is appropriate.

## VII.  CONCLUSION

27.   Based on the allegations above, this action is properly removed to this Court from the Superior Court of the State of California, County of Los Angeles.

Dated: March 17, 2023                        JONES DAY


                                             By:   ___/s/ Lauren E. Dutkiewicz___
                                                   Lauren E. Dutkiewicz

                                             Attorneys for Defendant
                                             UNITED PARCEL SERVICE, INC.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT